IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-316-H

| | |
|---|---|
| FERGUSON ENTERPRISES, INC. OF VIRGINIA, | ) ) ) |
| Appellant, | ) ) ) |
| v. | ) ) )    **ORDER** |
| MAMMOTH GRADING, INC., | ) ) ) |
| Appellee. | ) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This matter is before the court on a motion to dismiss the appeal of Ferguson Enterprises, Inc. of Virginia ("Ferguson"), filed by Appellee, Mammoth Grading, Inc. ("Mammoth"). This appeal arises out of the bankruptcy court's orders in two separate cases: In re Harrelson Utilities, Inc., No. 09-02815-8-ATS (E.D.N.C. Bankr. July 30, 2009), and In re Mammoth Grading, Inc., No. 09-01286-8-ATS (E.D.N.C. Bankr. Aug. 24, 2009). Harrelson Utilities, Inc. ("Harrelson") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in April 2009; and Mammoth filed a voluntary petition under Chapter 7 in February 2009.

Ferguson is an unpaid subcontractor who provided labor and materials for the improvement of a number of real estate

projects undertaken by Harrelson and Mammoth, severally.[2] After Harrelson filed its bankruptcy petition, Ferguson filed notices of claims of liens on funds due Harrelson and, by subrogation to Harrelson's lien rights, claims of liens on the real property. Likewise, Ferguson filed post-petition notices of claims of liens on funds due Mammoth and, by way of subrogation to Mammoth's rights, claims of liens on the real property.

In each case, the bankruptcy court held that the post-petition filing and service of claims of liens and notices of claims of liens filed by Ferguson and other subcontractors violated the automatic stay imposed by 11 U.S.C. § 362. See In re Harrelson Utilities, Inc., No. 09-02815-8-ATS (E.D.N.C. Bankr. July 30, 2009); In re Mammoth Grading, Inc., No. 09-01286-8-ATS (E.D.N.C. Bankr. Aug. 24, 2009). Ferguson appealed the bankruptcy court's orders in both cases to this court. Four other subcontractors affected by the bankruptcy court's order in In re Mammoth Grading, Inc. also appealed. On August 26, 2010, this court consolidated the Harrelson and Mammoth appeals. With the exception of Ferguson's claim in Mammoth, all claims by the subcontractors have since been settled and the appeals dismissed.

---

[2]Ferguson was a first-tier subcontractor on some projects and a second-tier subcontractor on others.

2

On July 29, 2011, Mammoth filed with the bankruptcy court a motion to abandon to Ferguson the bankruptcy estate's claim to funds on deposit with the Clerk of Superior Court of Wake County, North Carolina. On September 12, 2011, this court stayed Ferguson's appeal pending the bankruptcy court's decision on Mammoth's abandonment motion. The bankruptcy court has since allowed Mammoth's motion, ordering that the funds held by the Wake County Clerk be abandoned to Ferguson and that the amount abandoned be credited against Ferguson's claim in the bankruptcy estate. Mammoth now moves to dismiss Ferguson's appeal, arguing that the abandonment of these funds, which represent the total amount in controversy on appeal, renders Ferguson's appeal moot.

## COURT'S DISCUSSION

North Carolina subcontractors supplying labor or materials for construction projects have long operated upon the assumption that Chapter 44A of the North Carolina General Statutes provides them with inchoate lien rights that arise upon the furnishing of work or materials. Cf. Equitable Life Assurance Soc'y of U.S. v. Basnight, 234 N.C. 347, 352 (1951) ("A contractor's lien on real property is inchoate until perfected by compliance with legal requirements, and is lost if the steps required for its perfection are not taken in the manner and within the time prescribed by law.").

The bankruptcy court below held that a subcontractor's lien rights do not constitute "an interest in property" within the meaning of Bankruptcy Code Section 362(b)(3)'s exception to the automatic stay, see 11 U.S.C. § 362(b)(3) (excepting from the automatic stay imposed by § 362(a)(4) acts to perfect a pre-existing "interest in property"), and that post-petition claims of liens and notices of claims of liens are invalid and unenforceable. In so ruling, the bankruptcy court has turned the construction industry's standard operating procedure on its head.

This court questions whether the bankruptcy court's rulings below are in accord with North Carolina statutory law and the constitutional protections afforded laborers and materialmen by Article X Section 3 of the North Carolina Constitution. Specifically, the court is concerned that the bankruptcy court may have erred in determining that a lien under Chapter 44A, Article 2, Part 2, of the North Carolina General Statutes does not arise until the filing of a notice of claim of lien by the subcontractor. Nevertheless, the court is constrained to dismiss Ferguson's appeal, as the bankruptcy trustee's surrender of the funds comprising Ferguson's claim against the estate renders this appeal moot. See Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) ("[I]f an event occurs

4

while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.").

When a civil action becomes moot pending appeal, the established practice is to vacate the judgment below "to ensure that 'those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review.'" Camreta v. Greene, 131 S. Ct. 2020, 2025 (2011) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)) (alteration in original). The court finds vacatur especially appropriate where, as in this case, the appeal is rendered moot not by mere happenstance, but by the bankruptcy trustee's unilateral surrender of estate property. U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgement. The same is true when mootness results from unilateral action of the party who prevailed below." (citation omitted)).

## CONCLUSION

For the foregoing reasons, the bankruptcy court's decision below in In re Mammoth Grading, Inc., No. 09-01286-8-ATS (E.D.N.C. Bankr. filed Aug. 24, 2009), is hereby vacated and

5

this matter is remanded to the United States Bankruptcy Court. The clerk is directed to close this case.

This 23RD day of February 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31