**SO ORDERED.**

**SIGNED this 15 day of May, 2013.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **MAMMOTH GRADING, INC.** | **09-01286-8-SWH** |
| **DEBTOR** | |

### ORDER DENYING TRUSTEE'S OBJECTION TO CLAIM 151

Pending before the court is the chapter 7 trustee's objection to Claim 151, filed in the amount of $47,844.36 by the Wake County Department of Revenue ("Wake County"). Claim 151 consists of the tax amount assessed against debtor Mammoth Grading, Inc. plus late penalties, as determined by the Wake County tax assessor, for the debtor's personal property located in Wake County during fiscal year 2009. For the following reasons, the objection will be denied and the claim will be allowed.

### BACKGROUND

The debtor was required by N.C.G.S. § 105-306 to list, for taxation purposes, its personal property located in Wake County. The debtor had done so since its inception in 1998, but failed to file its listing for property located in the county for 2009, which it was required to do between

January 1 and 31, 2009.  The debtor did, however, file a voluntary petition under chapter 7 of the Bankruptcy Code on February 18, 2009.

On September 30, 2009, Wake County mailed to the debtor a Notice of Unlisted Business Personal Property for 2009, which notified the debtor that the "discovered value" of the property for 2009 had been assessed at $4,629,108.  The notice further provided: "This listing and appraisal will become final unless written exception is filed with the Wake County Revenue Department within thirty (30) days of this notice."  The thirty-day period is derived from N.C. Gen. Stat. § 105-312(d), which provides that the assessor is to make a "tentative appraisal of the discovered property in accordance with the best information available to him," mail the notice to the person in whose name the property is listed, and that "[u]pon receipt of a timely exception to the notice of discovery, the assessor shall arrange a conference with the taxpayer to afford him the opportunity to present any evidence or argument he may have regarding the discovery," within fifteen days of which the assessor must give the taxpayer written notice of his final decision.  In this case, the September 30 notice went unchallenged.

On November 11, 2009, Wake County mailed to the debtor a Property Tax Notice which assessed a property tax of $46,210.07, which it stated would be delinquent as of January 5, 2010. The Notice listed the tax due as $42,009.16, with an additional late list fee of $4,200.91.  The notice also stipulated that "[p]er NCGS 105-317.1( c), appeals must be filed with the tax office within thirty (30) days of the billing date on this statement."  If the debtor gave any response to this notice, it has not been brought to the attention of the court.  On February 3, 2010, Wake County filed a

proof of claim in the debtor's case in the amount of $47,884.36, which represents the original amount plus interest.[1]

Three years later, on February 4, 2013, the trustee filed an objection to the claim on grounds that Wake County had "failed to attach sufficient documentation to its claim to support a priority claim in this case. Therefore, if the creditor fails to provide the requisite supporting documentation within the allotted response time, the Trustee is entitled to an Order denying the claim in its entirety." On February 14, 2013, Wake County filed a timely response. It asserted that "[f]or any tax payer who fails to list timely personal property for a tax year, Wake County uses a value of 125% of the prior year's value to determine the value of the unlisted personal property. The amount of 125% of the prior year's value is used to cover any new equipment that may have been purchased during the 2008 tax year." The assessment and the billing process were proper, Wake County argued, and the time in which the debtor was entitled to challenge them had long passed, such that the trustee's objection should be denied.

In response, the trustee sought and obtained discovery regarding Wake County's methodology in calculating the debtor's taxes, which simply reiterated the Wake County practice of using 125% of the previous year's property taxes as the "discovered value" when a taxpayer fails to list personal property. The trustee then filed a memorandum in support of his objection, asserting that the Wake County tax assessor did not have statutory authority to arbitrarily "make up" property valued at an additional 25% over the previous year's valuation, which the trustee characterized as

---

[1] The proof of claim reflects that it amends a previously filed claim dated October 16, 2009.

both a penalty and a failure to comply with the statutory directive to use the "best information available" in the process of conducting a tentative appraisal.

## DISCUSSION

While the trustee raises thought-provoking questions about the bases for the debtor's tax assessment, the court determines that by virtue of a statutory provision enacted as part of BAPCPA, it does not have the authority to address them.

It has long been established pursuant to 11 U.S.C. § 505(a)(1) that bankruptcy courts have the authority to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." This authority is subject to certain exceptions, which are set out in § 505(a)(2). Among the exceptions is one which relates to precisely the kind of situation at issue in this case: specifically, § 505(a)(2)(C), providing that the court may not determine "the amount or legality of any amount arising in connection with an *ad valorem* tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired."

Here, the debtor's opportunities to object to the Notice of September 30, 2009 and then to the tax bill of November 9, 2009, passed by unheeded, and the statutory thirty-day periods have long expired. See N.C. Gen. Stat. 105-312(d). Section 505(a)(2)(C) was not specifically discussed during the hearing,[2] but it is clear to the court that the statute applies. The last applicable period for

---

[2] On May 9, 2013, the trustee filed a Supplemental Memorandum in Support of Trustee's Objection to Claim 151, which did discuss § 505(a)(2)(C).

contesting the tax expired thirty days after November 9, 2009, *i.e.*, on December 9, 2009. This court therefore has no authority to determine the tax since no motion to determine the tax or objection to the claim was filed prior to that date.

During that hearing, the court raised the question of whether 11 U.S.C. § 108(a), which operates to extend time periods in which trustees may commence actions that are subject to time limits established in nonbankruptcy law, conceivably could extend the period in which the trustee could challenge the Wake County tax claim. Section 108(a) provides:

> (a) If *applicable nonbankruptcy law*, an order entered in a nonbankruptcy proceeding, or an agreement *fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of –*
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) *two years after the order for relief*.

11 U.S.C. § 108(a) (emphasis added). In this case, the period in which the debtor could have commenced its action by way of contesting the tax assessment had not expired prior to the date of the filing of the petition. Assuming § 108 applied, the two-year extension would have conceivably extended the time in which the trustee could challenge the tax assessment until February 18, 2011 (i.e., two years after entry of the order for relief); however, the trustee did not object to Wake County's claim until February 4, 2013. Thus, in this case, under no rationale could § 108(a) support the trustee's effort to challenge the tax.

Purely for purposes of prompting a thorough discussion of the issue when it next arises, the court notes that a recent decision out of the Eleventh Circuit (one of only a handful of decisions to shine a light on § 505(a)(2)(C), and the only circuit court thus far to consider the question) casts doubt on whether § 108(a) can extend, in *any* circumstance, the limitations recognized in

§ 505(a)(2)(C). In In re Read, 692 F.3d 1185, 1190 (11th Cir. 2012), the court concluded that "[b]y amending the statute to include § 505(a)(2)(C), Congress expressly intended to protect creditors by prohibiting a debtor from contesting *ad valorem* tax claims after the time for filing an action challenging the assessment of such taxes has expired under state law," *even if* the time for such action had not expired prior to the date of the filing of the petition, as provided in § 108(a). The Read court offered a sound rationale for its decision; however, the bankruptcy court's opinion, which was reversed, also relies on sound principles of statutory construction, and sets out a different interpretation: For tax assessments "where the applicable period for contesting the *ad valorem* liability or the amount of assessment has not expired as of the date of the bankruptcy filing, as with other such state law deadlines, section 108 continues to be available to extend the time to bring an appropriate action under section 505 to seek a determination of the proper amount of the taxing authority's claim." In re Read, 442 B.R. 839, 847 (Bankr. M.D. Fla. 2011), rev'd, 692 F.3d 1185 (11th Cir. 2012). The issue is a fresh and unsettled one, deserving close attention from litigants and courts.

For the foregoing reasons, the court concludes that § 505(a)(2)(C) precludes this court from determining the amount or legality of the property tax assessed against the debtor by Wake County, as set out in Claim 151.[3] The trustee's objection to Wake County's Claim Number 151 is **DENIED** and the claim is deemed **ALLOWED**.

    **SO ORDERED**.

**END OF DOCUMENT**

---

[3] It is noted that a portion of the claim may be comprised of penalties and interest necessitating determination for distribution purposes pursuant to §§ 507 and 727; however, that issue is not presently before the court.